IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**RODNEY PAUL TENNEY,**

        Plaintiff,

v.                                                              **CIVIL ACTION No. 5:20-CV-202**
                                                                            Judge Bailey

**ANDREW SAUL,** Commissioner of
Social Security,

        Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge Michael J. Aloi [Doc. 19]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on November 30, 2021, wherein he recommends that Plaintiff's Motion for Summary Judgment [Doc. 14] be denied, Defendant's Motion for Summary Judgment [Doc. 17] be granted, the decision of the Commissioner be affirmed and the case be dismissed with prejudice.

## BACKGROUND

Plaintiff was 50 years old at the time he made his application for disability insurance benefits ("DIB"). Plaintiff last worked at a lumber mill as a loader/operator, ceasing work on June 15, 2017. Plaintiff has not engaged in substantial gainful activity since his alleged onset date of June 15, 2017. Plaintiff alleges that he is limited in his ability to work due to

1

right arm pain/swelling, sickness from excessive exposure to the sun, back pain, and pain in his right hip.

## PROCEDURAL HISTORY

The procedural history of this case was laid out by Magistrate Judge Aloi in his R&R:

On or about July 18, 2017, Plaintiff filed the present claim for DIB, with an alleged onset date of disability of June 15, 2017.  R.18.  Plaintiff's application for DIB was initially denied on October 13, 2017, and denied again upon reconsideration on February 13, 2018.  R. 68-93.  After these denials, on February 26, 2018, Plaintiff requested a hearing before an ALJ. R. 112-113.  On April 10, 2019, a hearing was held before an ALJ.  R. 40-67. At the hearing, Plaintiff was represented by counsel and appeared in Morgantown, West Virginia, while the ALJ appeared from the Falls Church National Hearing Center Satellite Office.  R. 42.  Linda Dezack, a vocation expert ("VE"), appeared in and testified at the hearing.  R. 61-66.  On July 31, 2019, the ALJ issued a decision concluding that Plaintiff was not disabled within the meaning of the Social Security Act.  R. 15-32.  On August 5, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  R. 1-5.

On September 18, 2020, Plaintiff, through counsel, Brian D. Bailey, Esq., filed a Complaint in this Court to obtain judicial review of the Commissioner's final decision pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g).  Compl. [ECF No. 1].  On February 16, 2021, the Commissioner, through counsel Maximillian F.

2

> Nogay, Assistant United States Attorney, filed his Answer, the Administrative Record of the proceedings, and Amended Answer on February 16, 2021. [ECF Nos. 10, 11, 12]. Soon thereafter, Plaintiff and the Commissioner filed their Motions for Summary Judgment and support briefs. Pl.'s Mot. Summ. J. [ECF No. 14]; Def.'s Mot. Summ. J. [ECF No. 17]. Plaintiff then filed a reply to the Commissioner's Brief. [ECF No. 18].

[Doc. 19 at 2].

The above-styled case was referred to Magistrate Judge Aloi for submission of a proposed R&R. On November 30, 2021, Magistrate Judge Aloi filed his proposed R&R. Therein, Magistrate Judge Aloi laid out the Five-Step Evaluation Process a claimaint must meet to be "disabled" under the Social Security Act. *See* [Doc. 19 at 4–5]. He then laid out the ALJ's decision. *See* [Id. at 5–]. Magistrate Judge Aloi found that the Commissioner's decision denying plaintiff's claim contains no legal error and is supported by substantial evidence for two reasons. First, Magistrate Judge Aloi found that the ALJ used the correct analysis to access medical opinion persuasiveness. *See* [Id. at 8–10]. Because of the recent development in the agency's regulations requiring an ALJ to consider a medical opinion's *persuasiveness*, rather than giving *weight* to a medical opinion, Magistrate Judge Aloi found "the ALJ properly found that the note is not a medical opinion under the regulations, and that even if it were considered to be such a medical opinion, it is unpersuasive." *See* [Id. at 9]. Second, Magistrate Judge Aloi found that the ALJ properly evaluated the medical opinions in the record to make the residual function capacity ("RFC") determination in question. *See* [Id. at 10–14]. Because the ALJ provided

3

a detailed review and reasoning, and nuanced conclusions as to the persuasiveness of the opinions, the magistrate judge found there was no error as to the ALJ's consideration of the evidence. *See* [Id. at 14].

Plaintiff filed Objections on December 9, 2021. *See* [Doc. 20]. Therein, plaintiff presents two (2) arguments to the R&R. First, plaintiff argues that the magistrate judge's "position perpetuates the ALJ's error of not determining if the signature on the March 2018 Medical Opinion was consistent with and/or supported by other evidence in the record, specifically Mr. Boardwine's signature that the ALJ previously accepted." *See* [Id. at 2–4]. In support of this objection, plaintiff asserts (1) Dr. Boardwine signed the March 2018 Note, (2) the magistrate judge is not charged with interpreting the alleged illegible note, and (3) persuasiveness of the note is a post-hoc rationalization made by the magistrate. *See* [Id.]. Second, plaintiff argues the magistrate judge improperly relied on plaintiff's prior adaptive functioning in light of a psychologist indicating that plaintiff's adaptive function has deteriorated due to other psychological factors. *See* [Id. at 4–5].

On December 10, 2021, defendant filed a Response to Plaintiff's Objections to the Report and Recommendation. *See* [Doc. 21]. Therein, defendant argues plaintiff's objections raise issues previously brought in plaintiff's initial brief and the R&R "carefully considered" plaintiff's arguments "in the context of the ALJ's decision and the entire record, sufficiently addressed Plaintiff's arguments, and articulated specific reasons as to why Plaintiff's challenge did not merit disruption of the ALJ's decision. . . ." *See* [Id. at 2].

4

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See ***Oripano v. Johnson***, 687 F.2d 44 (4th Cir. 1982) (citing ***Webb v. Califano***, 458 F.Supp. 825 (E.D. Cal. 1979)). General objections to the magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Fed. R. Civ. P. 72, and have the same effect as a failure to object. ***Veney v. Astrue***, 539 F.Supp.2d 841, 845 (W.D. Va. 2008) (citing ***United States v. Midgette***, 478 F.3d 616, 621–622 (4th Cir. 2007)).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed Objections [Doc. 20] on December 9, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

**JUDICIAL REVIEW OF AN ALJ DECISION**

"Judicial review of a final decision regarding disability benefits is limited to determining whether the findings . . . are supported by substantial evidence and whether the correct law was applied." See 42 U.S.C. § 405(g). An ALJ's findings will be upheld if supported by substantial evidence. See ***Milburn Colliery Co. v. Hicks***, 138 F.3d 524, 528

(4th Cir. 1998). The phrase "supported by substantial evidence" means "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *See* ***Richardson v. Perales***, 402 U.S. 389, 401 (1971) (citing ***Consolidated Edison Co. v. NLRB***, 305 U.S. 197, 229 (1938)). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" ***Hays v. Sullivan***, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing ***Richardson v. Perales***, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" ***Sec'y of Labor v. Mutual Mining, Inc.***, 80 F.3d 110, 113 (4th Cir. 1996) (citing ***Consolo v. Fed. Mar. Comm'n***, 383 U.S. 607, 620 (1996)). The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. ***Meyer v. Astrue***, 662 F.3d 700, 704 (4th Cir. 2011) (citing ***Craig v. Chater***, 76 F.3d 585, 589 (4th Cir. 1996)). Ultimately, it is the duty of the ALJ reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. ***King v. Califano***, 599 F.2d 597, 599 (4th Cir. 1979). "This Court does not find facts or try the case de novo when reviewing disability determinations." ***Id***.

## FIVE-STEP EVALUATION PROCESS

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> [The] individual . . . [must have a] physical or mental impairment or impairments . . . of such severity that he is not only unable to do his previous

work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . . '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A) (2004).  The Social Security Administration uses the following five-step sequential evaluation process to determine whether a claimant is disabled:

(i) At the first step, we consider your work activity, if any.  If you are doing substantial gainful activity, we will find that you are not disabled.

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.

(iii) At the third step, we also consider the medical severity of your impairment(s).  If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.

[Before the fourth step, the residual functional capacity [ ("RFC") ] of the claimant is evaluated "based on all the relevant medical and other evidence in your case record . . . ."]

> (iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520 (2015); 20 C.F.R. § 416.920 (2012). In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. ***Richardson v. Califano***, 574 F.2d 802, 804 (4th Cir. 1978). Once this is proven, the burden of proof shifts to the Government at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. ***Hicks v. Gardner***, 393 F.2d 299, 301 (4th Cir. 1968). If the claimant is determined to be disabled or not disabled at any of the five steps, the process will not proceed to the next step. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

## **DISCUSSION**

The record before the ALJ provides adequate evidence for the ALJ to have determined whether plaintiff is disabled. The ALJ evaluated the following opinions of: (1) state agency physician Dr. Noon, (2) state agency physician Dr. Lateef, (3) state agency psychologist Dr. Roman, (4) state agency psychologist Dr. Boggess, (5) consultative examiner Mr. Morgan, and (6) Plaintiff's consultative psychologist Mr. McCullough. Using

8

the recently developed framework in the agency's regulations, 20 C.F.R. § 404.1520c(b)(2), this Court agrees with the R&R that the ALJ analyzed these opinions and found them either to be not persuasive or qualified them. The ALJ went through each of the opinions and explained why they were or were not persuasive. See [Doc. 11 at 36]. When the ALJ found them to be unpersuasive, the ALJ explained their inconsistencies with the overall evidentiary record. See [Id.]. Moreover, the ALJ in this case set forth how plaintiff can sustain a workday, and did so after a comprehensive review of plaintiff's impairments. See [Id. at 37–38].

Based upon a *de novo* review of the record and the applicable law, this Court agrees with the magistrate judge's conclusion that the ALJ's decision denying plaintiff's claim contains no legal error and is supported by substantial evidence. To the extent plaintiff offers a cursory argument that Magistrate Judge Aloi's position perpetuated the ALJ's error of not determining if the signature on the March 2018 Medical Opinion was consistent with other evidence and improperly relied on plaintiff's prior adaptive functioning, this Court disagrees. This Court finds that Magistrate Judge Aloi correctly found that the ALJ has complied with applicable law and provided substantial evidence to support his findings.

## CONCLUSION

Having reviewed the R&R for clear error, it is the opinion of this Court that the R&R [**Doc. 19**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Plaintiff's objections [**Doc. 20**] are **OVERRULED**. The decision of the Commissioner is **AFFIRMED**. Accordingly, Plaintiff's Motion for

Summary Judgment [**Doc. 14**] is hereby **DENIED**. Furthermore, Defendant's Motion for Summary Judgment [**Doc. 17**] is hereby **GRANTED** and this matter is hereby **DISMISSED WITH PREJUDICE**. This Court further **ORDERS** that this matter be **STRICKEN** from the active docket of this Court and **DIRECTS** the Clerk to enter judgment in favor of defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** December 10, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE